UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Krystal M. Johnston,

                              Plaintiff,

    v.                                                  5:25-CV-917
                                                             (ECC/MJK)

United States of America.,

                              Defendant.

---

Robert G. Nassau, Esq., for Plaintiff

Mitchell J. Katz, U.S. Magistrate Judge

To the Honorable Elizabeth C. Coombe, U.S. District Judge:

## ORDER & REPORT- RECOMMENDATION

Johnston began this action on July 14, 2025, by filing a Complaint, and moving for leave to proceed *in forma pauperis* ("*IFP*") (Dkts. 1, 2). The Clerk sent Johnston's Complaint and *IFP* application to this Court for review. (Dkts. 1, 2).

### I.  BACKGROUND

In January 2019, Johnston and Joesph Bishop split custody of I.N., their minor child. (Complaint, Dkt. 1, pg. 4, at ¶4). During the summer of that year, I.N. resided with Johnston. (*Id.*). At the end of the year, Johnston obtained an Order of Protection and Emergency Custody

1

of I.N. after learning that Bishop sexually assaulted the child. (*Id.*). I.N. lived with Johnston exclusively from December 16, 2019, onward. (*Id.*).

Sometime before April 2020, Johnston filed her 2019 tax return. (*Id.* at ¶6). On that return, Johnston claimed: (1) a $3526 earned income tax credit; (2) a $1400 additional child tax credit; and (3) $1551 income tax withholding. (*Id.* at ¶¶9-11). After Johnston filed her tax return, the IRS audited the return and proposed to (1) reduce her income tax withholding by $864; (3) disallow her earned income and additional child tax credits; and (3) change Johnston's filing status to single. (*Id.* at ¶13). Johnston neither "properly contest[ed] the audit nor file[d] a Petition in the United States Tax Court." (*Id.* at ¶14).

On May 31, 2021, the IRS enacted its three proposals and issued Johnston a $640.91 tax refund. (*Id.* at ¶15). Over four years later, Johnston filed a Complaint arguing that, among other things, she is entitled to the earned income and additional child tax credits. (*Id.* at pg. 5).

## II.   IFP APPLICATION

Johnston declares in her *IFP* applications that she is unable to pay the filing fee. (Dkt. 3). After reviewing her application, this Court finds that Johnston is financially eligible for *IFP* status.

## III.   STANDARD OF REVIEW

In addition to determining whether a plaintiff meets the financial criteria to proceed *IFP*, courts must also review the sufficiency of the allegations in the complaint under 28 U.S.C. § 1915. That statute requires courts to dismiss a case—at any time—if it determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

When determining whether an action is frivolous, courts must consider whether the complaint lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and 28 U.S.C. § 1915. Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial

resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974).

To be sure, courts have a duty to show liberality toward *pro se* litigants and must use extreme caution when *sua sponte* dismissing *pro se* complaints before adverse parties have been served and had an opportunity to respond. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee). But courts *still* have a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See id.*

## IV. DISCUSSION

**The District Court should dismiss the Complaint because the United States is immune from Johnston's suit.**

The District Court should dismiss Johnston's complaint *without prejudice* and *with leave to amend*. The United States' sovereign immunity applies unless plaintiffs file their tax lawsuit within the statute of limitations. Here, Johnston's claim is untimely, and she does not allege equitable tolling applies. Thus, the claim is time barred. And because it is, the United States is immune from suit.

4

"The United States, as sovereign, is immune from suit" unless "it consents to be sued, and the terms of its consent" define a "court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (cleaned up). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *Id.* Courts "must strictly interpret a statute that unequivocally consents for the government to be sued." *Houghmaster v. United States*, No. 17-CV-1328 (FJS/ATB), 2020 WL 224956, at *2 (N.D.N.Y. Jan. 15, 2020).

"Congress has waived sovereign immunity for tax refund suits." *Id.* Relevantly, "no suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged" unless "a claim for refund or credit has been duly filed" in accordance with the law or tax regulations." 26 U.S.C. § 7422(a) (cleaned up). "Duly filed" means "filing a claim within the statute of limitations." *Houghmaster*, 2020 WL 224956 at *3.

The process for duly filing a claim is as follows: first "after a taxpayer is denied a claim for a refund made on" their "1040 tax return form," they "must file a new claim, called an administrative claim, with the Treasury Secretary before filing suit." *Id.* "The taxpayer must file

the administrative claim for" their "refund within three years from the time the return was filed or two years from the time the tax was paid, whichever of such periods" expires later. *Id.* (cleaned up). "If the taxpayer makes the filing deadline by filing" their "administrative claim within three years from the time" they filed their "return, then" they are "entitled to a refund of the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to three years." *Id.* (cleaned up). "If the taxpayer files the administrative claim, but does not do so within the three-year period, then" they are "entitled to a refund only to the portion of the tax paid during the two years immediately preceding the filing of the administrative claim." *Id.* (cleaned up).

Johnston's claim is time barred. After Johnston filed the relevant tax return, the IRS audited that return. (*Id.* at ¶ 13). On May 31, 2021, the IRS disallowed Johnston's earned and additional child tax credits and granted her a $640.91 refund (her refund entitlement without the tax credits) instead of a $6,477 refund (her refund entitlement with the tax credits). (*Id.* at ¶¶ 12, 13, 15). Johnston "had three years from the time" her return was denied "to file an administrative claim with the

6

Treasury Secretary." *Houghmaster*, 2020 WL 224956 at *4. Yet, Johnston neither "properly contest[ed] the audit nor file[d] a Petition in the United States Tax Court." (*Id.*, pg. 3, at ¶ 14). In fact, Johnston filed this Complaint on July 14, 2025—four years after the IRS disallowed the tax credits—without ever filing an administrative claim. (*Id.* at pg. 5). Johnston's failure to file an administrative claim within the statute of limitations is fatal to her claim *See* 26 U.S.C. 7422(a). As a result, Johnston's claims are time barred.

    And because this is true, the District Court does not have jurisdiction to hear this case. Johnston's claims are time barred so the claim has not been duly filed. *Kirsh v. United States*, 131 F. Supp. 2d 389, 391 (S.D.N.Y. 2000). And because the claim has not been duly filed, the United States has not waived its immunity. *See* 26 U.S.C. 7422(a). And because sovereign immunity applies, the District Court does not have subject matter jurisdiction over Johnston's case. *Mitchell*, 445 U.S. at 538 (1980).

    It is unclear whether equitable tolling applies. "Equitable tolling is an extraordinary measure that applies only when plaintiff[s] [are] prevented from filing despite exercising that level of diligence which

7

could reasonably be expected in the circumstances." *Gonzalez v. Hasty*, 651 F.3d 318, 322 (2d Cir. 2011). Here, nothing in Johnston's Complaint can be construed as tolling the statute of limitations. So it is unclear with equitable tolling applies.

To quickly conclude, the United States' sovereign immunity is waived only if a claim is duly filed. Johnston's claim is not. Equitable tolling may apply, but the Complaint does not allege that it does. So this Court recommends that the District Court dismiss Johnston's claims *without prejudice and with leave to amend* to see if equitable tolling applies.

## V. CONCLUSION

**WHEREFORE,** based on the findings above, it is

**ORDERED**, that Plaintiff's motion to proceed *IFP* (Dkt. 2) is **GRANTED**, and it is further

**RECOMMENDED,** that the Complaint in its entirety be **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND** for lack of subject matter jurisdiction.

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written

objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 22, 2025.

_____
Hon. Mitchell J. Katz
U.S. Magistrate Judge