UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KRYSTAL M. JOHNSTON,

                              Plaintiff,                      5:25-cv-917
                                                                       (ECC/MJK)

v.

UNITED STATES OF AMERICA,

                              Defendant.
_____

**Appearances:**

Robert G. Nassau, Esq., *for Plaintiff*

**Hon. Elizabeth C. Coombe, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.**    **INTRODUCTION**

Plaintiff Krystal Johnston filed this tax refund action under the Internal Revenue Code for the recovery of federal income taxes she paid for the calendar year 2019. Complaint (Compl.) ¶ 1, Dkt. No. 1. This matter was referred to Magistrate Judge Mitchell J. Katz who, on September 22, 2025, granted Plaintiff's application to proceed IFP and issued a Report-Recommendation, recommending that Plaintiff's Complaint be dismissed without prejudice. Dkt. No. 4. Plaintiff filed objections to the Report-Recommendation. Dkt. No. 8.

For the reasons set forth below, the Court declines to adopt Magistrate Judge Katz's recommendation to dismiss the Complaint with prejudice, and orders that this case proceed to service on the Defendant in accordance with the federal and local rules.

## II. STANDARD OF REVIEW

This Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections "must be specific and clearly aimed at particular findings in the" report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citation omitted). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal." *Machicote v. Ercole*, No. 6-cv-13320, 2011 WL 3809920 at *2 (Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Kruger*, 976 F. Supp. 2d at 296 (citation omitted).

## III. DISCUSSION

### A. Complaint

Plaintiff timely filed her Federal income tax return (Form 1040) for calendar year 2019 (2019 Return). Compl. ¶ 6. Plaintiff's 2019 Return claimed a total refund of $6,477. *Id.* at ¶ 12. The Internal Revenue Service (IRS) subsequently audited Plaintiff's 2019 Return, and proposed to (a) reduce Plaintiff's income tax withholding by $864; (b) disallow Plaintiff's claimed earned income credit and additional child tax credit; and (c) change Plaintiff's filing status to "single." *Id.* at ¶ 13. "Plaintiff did not properly contest the audit, nor file a Petition in the United States Tax Court." *Id.* at ¶ 14. On approximately May 31, 2021, the IRS (a) adjusted Plaintiff's income tax withholding; (b) disallowed Plaintiff's claimed earned income credit and additional child tax

credit; (c) changed Plaintiff's filing status to single; and (d) assessed her $69 of income tax. *Id.* As a consequence, the IRS issued Plaintiff a total refund of $640.91. *Id.* at ¶ 15.

Plaintiff alleges that "[b]ecause six months have expired since the filing of Plaintiff's refund claim (her 2019 Return), Plaintiff may begin this suit under 26 U.S.C. § 7422(a), pursuant to 26 U.S.C. § 6532(a)(1)." Compl. ¶ 23.

### B. The Report-Recommendation

In his Report-Recommendation, Magistrate Judge Katz recommended dismissal without prejudice and with leave to amend. Dkt. No. 4 at 4. Specifically, Magistrate Judge Katz concluded that Plaintiff's federal claim is untimely because she failed to file an administrative claim for her refund. *Id.* at 6-7. Magistrate Judge Katz further concluded that because Plaintiff's federal claim was untimely, the United States has not waived its sovereign immunity, and the district court does not have subject matter jurisdiction over Plaintiff's action. *Id.* at 7. Magistrate Judge Katz therefore recommended dismissal without prejudice to determine whether equitable tolling applied to Plaintiff's action. *Id.* at 7-8.

### C. Plaintiff's Objections

Plaintiff objects to Magistrate Judge Katz's determination that she was required to file a new "administrative claim," beyond her 2019 Return, prior to commencing this federal action. Dkt. No. 6 at 3. Plaintiff contends that her 2019 Return constituted her required refund claim, and under the facts of her case she was not required to submit a second "administrative claim." *Id.* at 3-4. Plaintiff further contends that the district case relied on by Magistrate Judge Katz for the proposition that she was required to file a second administrative claim prior to bringing suit, *Houghmaster v. U.S.*, No. 5:17-cv-1328 (FJS/ATB), 2020 WL 224956 (N.D.N.Y. Jan. 15, 2020), is factually distinct and does not warrant a dismissal based on a jurisdictional defect in this case.

*Id.* at 4-6.

### D. Analysis

The federal government cannot be sued absent a waiver of sovereign immunity. *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Kirsh v. United States*, 131 F. Supp. 2d 389, 391 (S.D.N.Y.2000) ("It is well established that under the doctrine of sovereign immunity, no person may sue the federal government absent its consent to be sued."). "[A] waiver of sovereign immunity must be 'unequivocally expressed' in statutory text" and its scope is construed strictly in favor of immunity. *Federal Aviation Administration v. Cooper*, 566 U.S. 284, 290 (2012); *see Exxon Mobile Corp. & Affiliated Cos. v. Comm'r of Internal Revenue*, 689 F.3d 191, 201 (2d Cir. 2012). "The terms of [the United States'] consent to be sued in any court defines that court's jurisdiction to entertain that suit." *Meyer*, 510 U.S. at 475 (alteration in original) (internal quotation marks omitted); *Kirsh*, 131 F.Supp.2d at 391 ("If the delineated terms [of the waiver] are not met, a court does not have jurisdiction over the action.").

"Through 28 U.S.C. § 1346, Congress has broadly consented to suits [seeking a refund of taxes allegedly erroneously assessed or collected] against the U.S. in district courts." *Kirsh*, 131 F. Supp. 2d at 391 (alteration in original) (quoting *United States v. Forma*, 42 F.3d 759, 763 (2d Cir. 1994)); *see Clavizzao v. United States*, 706 F. Supp. 2d 342, 348 (S.D.N.Y. 2009). However, "[d]espite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions." *United States v. Dalm*, 494 U.S. 596, 601 (1990). First, prior to bringing suit in federal court, "26 U.S.C. § 7422(a) requires that a claim be 'duly filed' with the IRS," meaning a claim must be filed within the statute of limitations prescribed by 26 U.S.C. § 6511. *Kirsh*, 131 F. Supp.

2d at 391 (internal footnote omitted); *see United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 14 (2008). Further, 26 U.S.C. § 6532(a)(1) provides

> No suit . . . under section 7422(a) for the recovery of any internal revenue tax . . . shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of disallowance of the part of the claim to which the suit . . . relates.

*See also Clavizzao*, 706 F. Supp. 2d at 348 (noting that plaintiff suing for tax refund must bring suit in federal court within two years of receiving notice from IRS that it denied refund). Because the United States's waiver of sovereign immunity is predicated on timely filing of suit, the statute of limitations requirement is jurisdictional. *See Dalm*, 494 U.S. at 608 ("A statute of limitations requiring that a suit against the Government be brought within a certain time period is one of [the] terms [of its waiver]."); *Harriman v. Internal Revenue Service*, 233 F. Supp. 2d 451, 457–58 (E.D.N.Y. 2002) (noting that "statutes of limitation are jurisdictional in tax cases" and "if a statute of limitation has not been complied with, Congress has not given consent to suit, accordingly, absent compliance with such statute of limitations, this Court lacks jurisdiction"); *Costa v. Internal Revenue Service*, No. 97-cv-2688, 1999 WL 691899, at *3 (E.D.N.Y. Aug.2, 1999) ("[T]he well-established rule is that 'the filing of a timely refund claim is a jurisdictional requirement, which cannot be waived.'" (quoting *Rosenbluth Trading, Inc. v. United States*, 736 F.2d 4, 47 (2d Cir. 1984)).

Here, Magistrate Judge Katz's dismissal of the Complaint relies on two separate, but related, purported deficiencies in Plaintiff's filing of this action. First, Magistrate Judge Katz concluded that Plaintiff did not "duly file a claim" within the meaning of 26 U.S.C. § 7422(a) prior to bringing suit, because she did not file a new administrative claim after the IRS audited her 2019

5

return and issued Plaintiff an adjusted tax refund.  Dkt. No. 4 at 5.  In support of his conclusion, Magistrate Judge Katz relied on the *Houghmaster* case, which states, in relevant part, that "after a taxpayer is denied a claim for a refund made on his 1040 tax return form, he must file a new claim, called an 'administrative claim,' with the Treasury Secretary before filing suit." 2020 WL 224956, at *3.  Plaintiff suggests that *Houghmaster*, in addition to being factually distinct from this action, improperly interpreted the prerequisite requirement as it relates to claims for refunds from individual original income tax returns.  In support for her position, Plaintiff points to 26 C.F.R. § 301.6402-3(a)(5), which provides in relevant part:

> A properly executed individual . . . original income tax return or an amended return . . . shall constitute a claim for refund or credit within the meaning of section 6402 and section 6511 for the amount of the overpayment disclosed by such return (or amended return). For purposes of section 6511, such claim shall be considered as filed on the date on which such return (or amended return) is considered as filed . . . . A return or amended return shall constitute a claim for refund or credit if it contains a statement setting forth the amount determined as an overpayment and advising whether such amount shall be refunded to the taxpayer or shall be applied as a credit against the taxpayer's estimated income tax for the taxable year immediately succeeding the taxable year for which such return (or amended return) is filed.

Notably, the Defendant in *Houghmaster* did not advance the argument that Plaintiff's original income tax return was not a proper claim for refund in seeking dismissal. Moreover, at least one other court in this Circuit has relied on § 301.6402-3(a)(5) for the premise that an individual original income tax return does constitute a proper claim for refund in the context of a civil action for wrongfully denied income tax return refunds.  *See Suvak v. United States*, No. 12 Civ. 6004, 2013 WL 2217171, at *2 (S.D.N.Y. May 21, 2013), *adhered to on reconsideration*, 2013 WL 2460192 (S.D.N.Y. June 7, 2013).

The second purported deficiency noted by Magistrate Judge Katz relates to the timeliness of Plaintiff's filing of this civil action in federal court.  Magistrate Judge Katz notes that Plaintiff

6

filed the Complaint on July 14, 2025 – "four years after the IRS disallowed the tax credits—without ever filing an administrative claim." Dkt. No. 4 at 7. As previously noted, Plaintiff challenges any finding that she was required to file a second "administrative claim" under the specific circumstances of her case. Moreover, it is likely that the timeliness of Plaintiff's civil action is dependent on additional information that is not presently before the Court, including, for example, whether Plaintiff ever received a notice of disallowance, and when. *See Breland v. United States,* No. 5:10-cv-0007 (GTS/GHL), 2011 WL 4345300, at *6 (N.D.N.Y. Sept. 15, 2011) (recognizing application of six-year general statute of limitations set forth in 28 U.S.C. § 2401(a) under circumstances where a plaintiff never received a notice of disallowance).

As Magistrate Judge Katz noted, statutes of limitations are jurisdictional in tax cases. *Harriman v. I.R.S.,* 233 F. Supp. 2d 451, 457 (E.D.N.Y. 2002) (citing *United States v. Dalm,* 494 U.S. 596 (1990)). Here, where Plaintiff has an arguably colorable claim as to whether this Court has jurisdiction over her tax refund action, and there is nothing on the face of the Complaint vitiating this Court's jurisdiction, the case may proceed to service. Of course, the issue of jurisdiction may be revisited upon an appropriate motion by the Defendant, or the Court's sua sponte review of a more complete record. *See, e.g., APWU v. Potter*, 343 F.3d 619, 627 (2d Cir.2003) ( "[A] court should take care to give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction." (internal quotation marks omitted)).

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Katz's Report-Recommendation, Dkt. No. 4, is **REJECTED**, and it is further

**ORDERED** that the Clerk of the Court issue the summonses submitted by Plaintiff and

7

that this case proceed to service in accordance with the federal and local rules.[1]

**IT IS SO ORDERED.**

Dated: November 24, 2025

                                                Elizabeth C. Coombe
                                               U.S. District Judge

---

[1] Plaintiff sought and was granted IFP status for the limited purpose of waiving the filing fee. *See* Dkt. Nos. 1-1, 4.  Plaintiff acknowledges responsibility for serving the summons and complaint on Defendant in accordance with the local and federal rules.  Dkt. No. 1-1.